# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
Frankfort Division

| | | |
|---|---|---|
| Steven Z. Brewer | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| CACH, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| The Corporation Company | ) | |
| 1675 Broadway Suite 1200 | ) | |
| Denver, CO 80202 | ) | |
| | ) | |
| Credit Management, LP | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| C T Corporation System | ) | |
| 350 North St. Paul St. | ) | |
| Ste. 2900 | ) | |
| Dallas, TX 75201 | ) | |
| | ) | |
| GLA Collection Co., Inc. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Michael L. Lynch | ) | |
| 2630 Gleeson Lane | ) | |
| Louisville, KY 40299 | ) | |
| | ) | |
| Horizon Financial Management, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Frank P. Termini | ) | |
| 12881 White Oak Ave | ) | |
| Cedar Lake, IN  46303 | ) | |
| | ) | |
| United Recovery Systems, L.P. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Douglas B. Schultz | ) | |
| 5800 North Course Drive | ) | |
| Houston, TX 77072 | ) | |

General Revenue Corporation                    )
    *Defendant*                             )
    Serve:                                 )
        CT Corporation System          )
        1300 East Ninth Street         )
        Cleveland, OH 44114            )
                                       )
Capital One Bank (USA), N.A.                    )
    *Defendant*                             )
Serve:                                         )
    Capital One Bank, N.A.                 )
    4851 Cox Road                         )
    Glen Allen, Virginia 23060            )
                                          )
Experian Information Solutions, Inc.           )
    *Defendant*                             )
    Serve:                                 )
        C T Corporation System         )
        306 W Main ST                  )
        Suite 512                      )
        Frankfort, KY 40601            )
                                       )
Equifax Information Services, LLC              )
    *Defendant*                             )
    Serve:                                 )
        CSC-Lawyers Incorporating      )
           Service Company            )
        421 West Main St.              )
        Frankfort, KY 40601            )
                                       )
Trans Union, LLC                               )
    *Defendant*                             )
    Serve:                                 )
        The Prentice Hall              )
           Corporation System        )
        421 West Main Street           )
        Frankfort, KY 40601            )

# <u>COMPLAINT and DEMAND FOR JURY TRIAL</u>

For his Complaint, Plaintiff, Steven Brewer, avers as follows:

## <u>Jurisdiction and Venue</u>

1.     Jurisdiction of this court arises under 15 U.S.C. §§ 1681p, 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Greenup County, Ky., which is located within this District.

2.     This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and the Kentucky Consumer Protection Act, KRS 367.110 *et seq.*, in connection with a defaulted debt, that does not belong to plaintiff.  Plaintiff seeks actual damages, statutory and punitive damages, and to the extent possible, injunctive and declaratory relief.

## <u>PARTIES</u>

3.     Mr. Brewer is an adult resident of Greenup County, KY.

4.     Mr. Brewer is a "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)), and within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3). He is a "person" within the meaning of the Kentucky Consumer Protection Act, as defined at KRS 367.170(1).

5.     CACH, LLC ("CACH") is a third-party debt collector, whose principal office is located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237.

6.     CACH is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

7.     CACH regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8.     Credit Management, LP ("Credit Management") is a third-party debt collector, whose principal office is located at 4200 International Pkwy. Carrollton, TX 75007-1912.

9.     Credit Management is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

10.     Credit Management regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

11.     GLA Collection Co., Inc.  ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Ln., Louisville, KY 40299

12.     GLA is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

13.     GLA regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

14.     Horizon Financial Management LLC ("Horizon") is a third-party debt collector, whose principal office is located at 8585 S. Broadway Suite 880, Merrillville, IN 46410.

15.     Horizon is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

16.     Horizon regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

17.     United Recovery Systems, L.P. ("United") is a third-party debt collector, whose principal office is located at 5800 N Course Dr Houston, TX 77072.

18.     United is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

19.     United regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

20.     General Revenue Corp. ("General") is a third-party debt collector, whose principal office is located at P. O. Box 429536, 11501 Northlake Drive Cincinnati, OH 45249.

21.     General is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 *et seq.*).

22.     General regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

23.     Capital One Bank, N.A. ("Capital One") is a national bank, with its principal headquarters located at 4851 Cox Road, Glen Allen, Virginia 23060, County of Henrico.

24.     Capital One is a "furnisher of information" within the meaning of the FCRA

(15 U.S.C. § 1681s-2 *et seq.*).

25.     Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the Commonwealth of Kentucky.

26.     Experian is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)).

27.     Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the Commonwealth of Kentucky.

28.     Equifax is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)).

29.     Trans Union, LLC ("Trans Union") is a Delaware limited liability company, duly licensed, qualified to do business in the Commonwealth of Kentucky.

30.     Trans Union is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)).

## FACTUAL BACKGROUND

### I.      Introduction

31.     Mr. Brewer is a disabled American Veteran, who is entitled to free medical care nationwide.

32.     Mr. Brewer is the victim of identity theft.

33.     The identity thief illegally opened many different accounts in Mr. Brewer's name, including charge accounts, utility accounts, and medical accounts.

34.      Mr. Brewer has taken every step within his power to clear his name and rid himself of these unauthorized accounts and charges, including filing a police report, completing an identity-theft affidavits supplied by the Kentucky Attorney General's office, and actively disputing these "debts" with every creditor and the big three credit repor.

35.     As result of these unauthorized charges and debts, Mr. Brewer has suffered actual damages including: Increase in automobile insurance premiums, increase in homeowners insurance premiums, denial of home refinancing and/or a loan to purchase a new home, denial of automobile financing, denial of high-yield brokerage and savings account, and denial of credit.

### II.     Facts Relating to CACH, LLC

36.     Beginning in 2011, CACH sent Mr. Brewer dunning letters and reported negative and derogatory information to the big three credit reporting agencies:

**CACH LLC**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Creditor Name:** | CACH LLC | CACH LLC | |
| **Account No.:** | 12000512**** | 12000512**** | 12000512**** |
| **Original Creditor:** | 08 CITICORP TRUST BANK | CITICORP TRUST BANK | CITICORP TRUST |
| **Responsibility:** | Individual | Individual | Individual |
| **Condition:** | Derogatory | Derogatory | Derogatory |
| **Original Balance:** | $2026 | $2026 | $2026 |
| **Balance:** | $2026 | $2026 | $2026 |
| **Date Opened:** | 02/17/2011 | 02/2011 | 02/2011 |
| **Date Reported:** | 04/15/2012 | 04/15/2012 | 04/2012 |

**Remarks:**

[TransUnion] Placed for collection
[Experian]
[Equifax] Subject has not satisfied debt.

37.   The alleged debt concerns a charged-off credit card from Citicorp that CACH purchased from Citicorp for collection.

38.   On March 15, 2011, Mr. Brewer sent CACH a letter disputing the alleged debt owed to CACH, which states in pertinent part:

CACH LLC                                                   March 15, 2011
4340 S MONACO SECOND FLOOR
DENVER , CO
80237

**Subject: Identity Theft, Fraudulent Accounts**
**ACCOUNT NUMBERS:**

12000512

**Dear Sir or Madam,**

**This letter is in regards to a fraudulent account that was created by some other person. It is my statement that I did not engage in any business, consumer or personal activities with your agency or your client(s).**

**Further, it is my statement that I have sufficient evidence that somebody, other than myself, has fraudulently applied for and received utilities and other services; such as cable, electric, gas, internet, water, and other services by fraudulently utilizing my information.**

**The preceding account, as well as other accounts have been listed on my credit report and have been determined as being fraudulent in nature. I have reported this to the Federal Trade Commission, Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well as my personal / family attorney.**

**I am requesting investigation to declare this account as fraudulent, per advice from my attorney and all information will be forwarded to the Greenup County Sheriff's Department upon receipt.**

39.   Mr. Brewer included a number of documents in support of his claim of identity theft, including another letter that stated in pertinent part:

> I am a victim of identity theft. The thief made a fraudulent transaction and/or opened a fraudulent account in my name with your company. In accordance with section 609(e) of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(e), I am requesting that you provide me copies of business records relating to the fraudulent [transaction/account] identified above. The law directs that you provide these documents at no charge, and without requiring a subpoena, within thirty (30) days of your receipt of this request. I am enclosing a copy of the relevant federal law and the Federal Trade Commission's business education publication on this topic.
>
> Enclosed with this request is the following documentation, as applicable:
>
> > Proof of my identity: A copy of my driver's license, other government-issued identification card, or other proof of my identity.
>
> Please provide all records relating to the fraudulent [transaction/account], including:
>
> - Application records or screen prints of internet/phone applications

- Statements/invoices
- Payment/charge slips
- Investigator's summary
- Delivery addresses
- All records of phone numbers used to activate or access the account
- Any other documents associated with the account

40.     CACH did not respond to Mr. Brewer's request for the above information.

41.     Mr. Brewer also included the following additional documents in the March 15, 2011 letter to CACH: a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, and a copy of a police report.

42.     Mr. Brewer continued to send similar letters and supporting documents to CACH on the 15th of each the following moths.

43.     CACH did not respond to any of Mr. Brewer's letters.

44.     The March 15, 2011 letter included a letter from Citi-Retail Security Operations, which acknowledged Citi's findings and conclusions that Mr. Brewer was the victim of identity theft. The letter states in pertinent part:

Citi - Retail Security Operations
PO Box 6403
Sioux Falls, SD  57117-6403

April 27, 2012

STEVEN BREWER
1908 COURT ST

FLATWOODS, KY  41139

Account Number: 6035251069565427

Dear STEVEN BREWER:

This letter is to inform you of the outcome of our investigation concerning the alleged fraudulent activity in regards to Zales account referenced above.

Upon a complete review of all documentation on this case, we have determined that you were a victim of card fraud and have provided updated information to the appropriate credit reporting agencies.  Please allow them 45 days to update their files.

Thank you for your assistance in resolving this issue.  If we can be of further assistance, please call us at the number listed below.

Sincerely,

Security Operations
1-800-767-9103
Hours of Operation: Monday though Friday, 8:00 a.m. - 4:30 p.m., ET

45.    Despite Mr. Brewer's repeated letters and attempts to get CACH to correct its error, CACH never responded to Mr. Brewer's letters or reported to the any consumer reporting agency that Mr. Brewer disputed the alleged debt to Citicorp.

## III.    Facts Relating to Credit Management, LP

46.    In December 2011, Credit Management began reporting negative and derogatory information about Mr. Brewer to the three major credit reporting agencies:

**CREDIT MANAGEMENT LP**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | CREDIT MGMT | CREDIT MANAGEMENT LP | |
| Account No.: | 4848**** | 4848**** | 4848**** |
| Original Creditor: | 11 TIME WARNER SWO KYWI | TIME WARNER SWO - KYWI | TIME WARNER SWO |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $1434 | $1434 | $1434 |
| Balance: | $975 | $975 | $975 |
| Date Opened: | 12/23/2011 | 12/2011 | 12/2011 |
| Date Reported: | 02/10/2012 | 02/10/2012 | 02/2012 |

Remarks:

[TransUnion] Placed for collection
[Experian]
[Equifax] Subject has not satisfied debt.

47.    On March 15, 2011, Mr. Brewer sent Credit Management a letter disputing the alleged debt owed to Credit Management, which states in pertinent part:

February 15, 2011

CREDIT MANAGEMENT LP
4200 INTERNATIONAL PKWY
CARROLLTON, TX 75007

**Subject: Identity Theft, Fraudulent Accounts**
**ACCOUNT NUMBERS:**

4848

**Dear Sir or Madam,**

**This letter is in regards to a fraudulent account that was created by some other person. It is my statement that I did not engage in any business, consumer or personal activities with your agency or your client(s).**

**Further, it is my statement that I have sufficient evidence that somebody, other than myself, has fraudulently applied for and received utilities and other services; such as cable, electric, gas, internet, water, and other services by fraudulently utilizing my information.**

**The preceding account, as well as other accounts have been listed on my credit report and have been determined as being fraudulent in nature. I have reported this to the Federal Trade Commission, Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well as my personal / family attorney.**

**I am requesting investigation to declare this account as fraudulent, per advice from my attorney and all information will be forwarded to the Greenup County Sheriff's Department upon receipt.**

48.     On March 15, 2011, Mr. Brewer sent Credit Management another letter that stated in pertinent part:

> I am a victim of identity theft. The thief made a fraudulent transaction and/or opened a fraudulent account in my name with your company. In accordance with section 609(e) of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(e), I am requesting that you provide me copies of business records relating to the fraudulent [transaction/account] identified above. The law directs that you provide these documents at no charge, and without requiring a subpoena, within thirty (30) days of your receipt of this request. I am enclosing a copy of the relevant federal law and the Federal Trade Commission's business education publication on this topic.
>
> Enclosed with this request is the following documentation, as applicable:
>
> Proof of my identity: A copy of my driver's license, other government-issued identification card, or other proof of my identity.
>
> Please provide all records relating to the fraudulent [transaction/account], including:
>
> - Application records or screen prints of internet/phone applications
> - Statements/invoices
> - Payment/charge slips
> - Investigator's summary
> - Delivery addresses
> - All records of phone numbers used to activate or access the account
> - Any other documents associated with the account

49.     Mr. Brewer also included the following additional documents in the March 15, 2011 letter to Credit Management: a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, and a copy of a police report.

50.     Mr. Brewer continued to send similar letters and supporting documents to Credit Management on the 15th of each the following moths.

51.     Credit Management did not respond to any of Mr. Brewer's letters.

52.     Despite Mr. Brewer's repeated letters and attempts to get Credit Management to correct its error, Credit Management never responded to Mr. Brewer's letters or reported to the any consumer reporting agency that Mr. Brewer disputed the alleged debt to Time Warner.

## IV.    Facts Relating to GLA Collection Co., Inc.

53.    GLA has reported negative and derogatory information about Mr. Brewer to the three major credit reporting agencies in connection with a number of different medical-based debts.

54.    GLA first began reporting this negative and derogatory information in connection with a debt to U.K. Hospital in December of 2010:

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | GLA COLLECT | GLA COLLECTION CO INC |  |
| Account No.: | 225106000826**** | 225106000826**** | 225106000826**** |
| Original Creditor: | MED1 02 U OF K HOSPITAL | U OF K HOSPITAL |  |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $8305 | $8305 | $8305 |
| Balance: | $8305 | $8305 | $8305 |
| Date Opened: | 12/14/2010 | 12/2010 | 12/2010 |
| Date Reported: | 03/17/2011 | 03/17/2011 | 06/2011 |

Remarks:

[TransUnion] Placed for collection
[Experian]
[Equifax] Medical
Subject has not satisfied debt.

55.    On March 15, 2010, Mr. Brewer sent GLA a letter disputing the alleged debt owed to UK Hospital,  which states in pertinent part:

GLA COLLECTION COMPANY INC                                   March 15, 2010
2630 GLEESON LN
LOUISVILLE, KY
40269

**Subject: Identity Theft, Fraudulent Accounts**
**ACCOUNT NUMBERS:**

225106000826**\*\*\*\***

**Dear Sir or Madam,**

**This letter is in regards to a fraudulent account that was created by some other person. It is my
statement that I did not engage in any business, consumer or personal activities with your agency or
your client(s).**

**Further, it is my statement that I am a Disabled American Veteran and I receive free medical services
at the VA Hospitals and clinics nationwide. (see attachment, verification of VA Compensation) Thus I
do not receive any type of healthcare or services by any civilian facilities.**

**The preceding account, as well as other accounts have been listed on my credit report and have been
determined as being fraudulent in nature. I have reported this to the Federal Trade Commission,
Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well
as my personal / family attorney.**

**I am requesting investigation to declare this account as fraudulent, per advice from my attorney and
all information will be forwarded to the Greenup County Sheriff's Department upon receipt.**

      56.     In the March 15, 2010 letter to GLA, Mr. Brewer included proof of his V.A.
benefit:



**DEPARTMENT OF VETERANS AFFAIRS**
VA Regional Office
3333 N. Central Ave
Phoenix AZ 85012-2402

April 16, 2009

STEVEN Z BREWER
327 LONG STREET
ASHLAND, KY 41101

In Reply Refer To: 345/PHX/NCC/SLT
CSS 401 35 9980
BREWER, Steven Zachary

Dear Mr. Brewer:

This letter from the Department of Veterans Affairs certifies that Steven Zachary Brewer is
receiving service-connected disability compensation.

The current benefit paid is as follows:

| | |
|---|---|
| Gross Benefit Amount | $1,567.00/mo. |
| Net Amount Paid | $1,567.00/mo. |
| Effective Date | December 1, 2008 |
| Percent Disability | 80% |

If you reside in the continental United States, Alaska, Hawaii, or Puerto Rico, you may contact
VA with questions by calling our toll-free number 1-800-827-1000 (for hearing impaired TDD
1-800-829-4833) or contact us online (https://iris.va.gov).

Sincerely yours,

*Terri Harden*

Terri Harden
National Call Center Manager



57.    Mr. Brewer also included the following additional documents in the March 15, 2010 letter to GLA: a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, and a copy of a police report.

58.    Mr. Brewer continued to send similar letters and supporting documents to GLA on the 15th of each the following moths.

59.    GLA did not respond to any of Mr. Brewer's letters.

60.    Despite Mr. Brewer's repeated letters and attempts to get GLA to correct its error, GLA never responded to Mr. Brewer's letters or reported to the any consumer reporting agency

-13-

that Mr. Brewer disputed the alleged debt to UK Hospital.

61.     GLA first began reporting this negative and derogatory information in connection with a debt to King's Daughter Hospital in January  2012:

**GLA COLLECTION CO INC**

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | GLA COLLECT | GLA COLLECTION CO INC | |
| Account No.: | 820116000931**** | 820116000931**** | 820116000931**** |
| Original Creditor: | MED1 02 KINGS DAUGHTERS MEDICAL CTR | KINGS DAUGHTERS MEDICAL CTR | |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $68 | $68 | $68 |
| Balance: | $68 | $68 | $68 |
| Date Opened: | 01/12/2012 | 01/2012 | 01/2012 |
| Date Reported: | 03/15/2012 | 03/15/2012 | 03/2012 |

Remarks:

[TransUnion] Placed for collection
[Experian]
[Equifax] Medical
Subject has not satisfied debt.

62.     On February 15, 2012, Mr. Brewer sent GLA a letter disputing the alleged debt owed to King's Daughter Hospital,  which states in pertinent part:

GLA COLLECTION COMPANY INC                                      February 15, 2012
2630 GLEESON LN
LOUISVILLE, KY
40269

**Subject: Identity Theft, Fraudulent Accounts**
**ACCOUNT NUMBERS:**

820116000931

**Dear Sir or Madam,**

**This letter is in regards to a fraudulent account that was created by some other person. It is my statement that I did not engage in any business, consumer or personal activities with your agency or your client(s).**

**Further, it is my statement that I am a Disabled American Veteran and I receive free medical services at the VA Hospitals and clinics nationwide. (see attachment, verification of VA Compensation) Thus I do not receive any type of healthcare or services by any civilian facilities.**

**The preceding account, as well as other accounts have been listed on my credit report and have been determined as being fraudulent in nature. I have reported this to the Federal Trade Commission, Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well as my personal / family attorney.**

**I am requesting investigation to declare this account as fraudulent, per advice from my attorney and all information will be forwarded to the Greenup County Sheriff's Department upon receipt.**

63.     Mr. Brewer included another letter in the February 15th letter, which stated in pertinent part:

Dear Sir or Madam:

I am a victim of identity theft.  The thief made a fraudulent transaction and/or opened a fraudulent account in my name with your company.  In accordance with section 609(e) of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(e), I am requesting that you provide me copies of business records relating to the fraudulent [transaction/account] identified above.  The law directs that you provide these documents at no charge, and without requiring a subpoena, within thirty (30) days of your receipt of this request.  I am enclosing a copy of the relevant federal law and the Federal Trade Commission's business education publication on this topic.

Enclosed with this request is the following documentation, as applicable:

Proof of my identity: A copy of my driver's license, other government-issued identification card, or other proof of my identity.

-15-

Please provide all records relating to the fraudulent [transaction/account], including:

- Application records or screen prints of internet/phone applications
- Statements/invoices
- Payment/charge slips
- Investigator's summary
- Delivery addresses
- All records of phone numbers used to activate or access the account
- Any other documents associated with the account

64.     Mr. Brewer also included the following additional documents in the March 15, 2010 letter to GLA: proof of his V.A. benefit, a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, a copy of a police report, and proof of his V.A. benefit.

65.     Mr. Brewer also sent similar letters and information to GLA concerning the following account numbers: **408096000699, 521096000725, 523096000737, 920096000754, 61114096000754, 705106000827, 819106000831, and 505106000809.**

66.     Mr. Brewer continued to send GLA letters on the 15th of each month following his initial letters to GLA.

67.     Despite Mr. Brewer's repeated letters and attempts to get GLA to correct its errors, GLA never responded to Mr. Brewer's letters or reported to the any consumer reporting agency that Mr. Brewer disputed the alleged debts at issue in each letter.

## V.     Facts Relating to Horizon Financial Management, LLC

68.     Horizon has reported negative and derogatory information about Mr. Brewer to the three major credit reporting agencies in connection with a medical debt.

69.     Horizon first began reporting this negative and derogatory information in connection with a medical debt in December of 2011:

**HORIZON FIN**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | HORIZON FIN | | |
| Account No.: | 54108** | | 54108** |
| Original Creditor: | MED1 02 OUR LADY OF BELLEFONTE HOSPI | | |
| Responsibility: | Individual | | Individual |
| Condition: | Derogatory | | Derogatory |
| Original Balance: | $311 | | $311 |
| Balance: | $311 | | $311 |
| Date Opened: | 12/22/2011 | | 12/2011 |
| Date Reported: | 03/01/2012 | | 03/2012 |

Remarks:
[TransUnion] Placed for collection
[Experian]
[Equifax] Medical
Subject has not satisfied debt.

70.     On February 15, 2011, Mr. Brewer sent Horizon a letter disputing the alleged debt owed to Bellefonte Hospital, which states in pertinent part:

February 15, 2011

HORIZON FINANCIAL MANAGE
8585 BROADWAY 88
MERRILLVILLE , IN
46410

Subject: Identity Theft, Fraudulent Accounts
ACCOUNT NUMBERS:

54108

Dear Sir or Madam,

This letter is in regards to a fraudulent account that was created by some other person. It is my statement that I did not engage in any business, consumer or personal activities with your agency or your client(s).

Further, it is my statement that I have sufficient evidence that somebody, other than myself, has fraudulently applied for and received utilities and other services; such as cable, electric, gas, internet, water, and other services to include medical care by fraudulently utilizing my information.

The preceding account, as well as other accounts have been listed on my credit report and have been determined as being fraudulent in nature. I have reported this to the Federal Trade Commission, Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well as my personal / family attorney.

I am requesting investigation to declare this account as fraudulent, per advice from my attorney and all information will be forwarded to the Greenup County Sheriff's Department upon receipt.

71.     Mr. Brewer also included the following additional documents in the February 15, 2011 letter to Horizon: proof of his V.A. benefit, a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, a copy of a police report, and proof of his V.A. benefit.

72.     Mr. Brewer continued to send Horizon letters on the 15th of each month following his initial letter to Horizon.

73.     Despite Mr. Brewer's repeated letters and attempts to get it to correct its errors, Horizon never responded to Mr. Brewer's letters or reported to the any consumer reporting agency that Mr. Brewer disputed the alleged debts at issue in each letter.

## VI.     Facts Relating to Capital One Bank, N.A.

74.     Capital One Bank, N.A.("Capital One") has reported negative and derogatory information about Mr. Brewer to the three major credit reporting agencies in connection with a medical debt.

75.     Capital One first began reporting this negative and derogatory information to the

-17-

three major credit reporting agencies in December of 2008:

**CAP ONE**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 51780572**** | 51780572**** | 51780572**** |
| Condition: | Derogatory | Derogatory | Derogatory |
| Balance: | $2142 | $2142 | $2142 |
| Type: | Credit Card | Credit Card | |
| Pay Status: | Collection/Chargeoff | Collection/Chargeoff | Collection/Chargeoff |
| Past Due: | $2142 | $2142 | $2142 |
| High Balance: | $1757 | | $1757 |
| Terms: | | | |
| Limit: | $750 | $750 | |
| Payment: | | | $0 |
| Opened: | 12/07/2008 | 12/2008 | 12/2008 |
| Reported: | 05/06/2012 | 05/06/2012 | 05/2012 |
| Responsibility: | Individual | Individual | Individual |

Late Payments (last 7 years):

| | | | |
|---|---|---|---|
| 30 Days Late: | | 1 | 1 |
| 60 Days Late: | | 1 | 1 |
| 90 Days Late: | | 3 | 9 |

**Two Year Payment History:**

TransUnion

Experian X X X X X X X **CO CO CO CO CO CO CO** X **CO CO CO CO CO CO CO CO CO**

Equifax X X X X X X X X **CO CO CO CO CO** X X X X X X X X X X X

Jun Jul Aug Sep Oct Nov Dec '11 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '12 Feb Mar Apr May

      76.    On July 1, 2011, Mr. Brewer sent Capital One a letter disputing fraudulent charges as the result of identity theft, which states in pertinent part:

Capital One                In reference to:
Via Fax                   Fraud / Identity Theft
                            Account Number:
                            51780572***

 **Subject: Identity Theft, Fraudulent Accounts**
**ACCOUNT NUMBERS:**
51780572***
**Dear Sir or Madam,**
**This letter is in regards to a fraudulent account that was created by some other person. It is my statement that I did not engage in any business, consumer or personal activities with your agency or your client(s).**
**Further, it is my statement that I have sufficient evidence that somebody, other than myself, has fraudulently applied for and received utilities and other services; such as cable, electric, gas, internet, water, and other services by fraudulently utilizing my information. I have also attached proof of these situations to this document.**
**The preceding account, as well as other accounts have been listed on my credit report and have been determined as being fraudulent in nature. I have reported this to the Federal Trade Commission, Consumer Response Center, The Commonwealth of Kentucky Office of the Attorney General, as well as my personal / family attorney.**
**I am requesting investigation to declare this account as fraudulent, per advice from my attorney and all information will be forwarded to the Greenup County Sheriff's Department upon receipt.**

77.     Mr. Brewer also included the following additional documents in the July 1, 2011 letter to Capital One: proof of his V.A. benefit, a copy of his driver's license, a completed identity-theft kit issued by the Kentucky Attorney General's office, a copy of a police report, and proof of his V.A. benefit.

78.     Mr. Brewer sent Capital One additional, similar dispute letters on 09/15/2011, 10/20/2011, 11/15/2011, 01/15/2012, 02/15/2012, 05/01/2012.

79.     Despite Mr. Brewer's repeated letters and attempts to get it to correct its errors, Horizon never responded to Mr. Brewer's letters or reported to the any consumer reporting agency that Mr. Brewer disputed the alleged debts at issue in each letter.

80.     Capital One filed suit against Mr. Brewer in Greenup District Court in Case No. 12-C-00185.

81.     Capital One misled or falsely stated to Mr. Brewer that it had obtained a judgment against him in the Greenup District Court case.

82.     Based on the false claim that it had obtained a judgment against him, Capital One coerced and/or tricked Mr. Brewer into disclosing his checking account information and agreeing to a withdrawal of funds from his checking account.

83.     Capital One did not in fact have a judgment against him but instead wanted him to enter into an agreed judgment.

84.     When Mr. Brewer discovered the deception, he instructed Capital One to not withdraw any funds from his bank account; Capital One nonetheless deducted money from Mr. Brewer's checking account without authorization from Mr. Brewer.

85.     Undersigned counsel sent a letter to Capital One's counsel, Morgan & Pottinger, P.S.C. asking that the deductions from Mr. Brewer's bank account cease immediately. The letter states in pertinent part:

86.     Despite receiving this letter and assuring counsel that the deductions would cease, Morgan & Pottinger, on behalf of Capital One, deducted $65.00 from Mr. Brewer's checking account on June 22, 2012.

## VII.    Facts Relating United, General, and Experian

87.     Mr. Brewer's May 2012 credit report states that on December 7, 2010, United Recovery Systems, L.P. made a credit inquiry and accessed a copy of Mr. Brewer's credit report from Experian.

88.     Based on information and belief, United is both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

89.    Based upon information and belief, prior to December 7, 2010, United and Experian entered into a written subscriber agreement in which Experian agreed to, among other things, provide "consumer reports" (as defined under the FCRA) to United for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

90.    Based on information and belief, on or around December 7, 2010, United requested, obtained and used plaintiff's consumer report from Experian and Experian provided (by computer or otherwise) plaintiff's consumer report to United.

91.    Based on information and belief, United did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore United's request, acquisition and use of plaintiff's consumer report was in violation of the FCRA.

92.    Based on information and belief, Unknown Persons, while acting for and on behalf of United and while performing activities within the scope of their business relationship with United, requested, obtained and used plaintiff's consumer report on or around December 7, 2010.

93.    Based on information and belief, Unknown Persons did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore Unknown Persons' request, receipt and use of plaintiff's consumer report was in violation of the FCRA.

94.    Based on information and belief, Experian violated the FCRA by furnishing plaintiff's consumer report to United and/or Unknown Persons.

95.    Based on information and belief, Experian violated the FCRA by failing to maintain reasonable procedures to limit the furnishing of consumer reports to persons possessing a lawful purpose described under the FCRA.

96.    Based on information and belief, Experian violated the FCRA because it had reasonable grounds for believing that the consumer report requested by, furnished to and used by United and/or Unknown Persons would not be used by United and/or Unknown Persons for a lawful purpose described under the FCRA.

97.    Mr. Brewer's May 2012 credit report states that on May 4, 2010, General Recovery Corporation made a credit inquiry and accessed a copy of Mr. Brewer's credit report from Experian.

98.    Based on information and belief, General is both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

99.    Based upon information and belief, prior to May 4, 2010, General and Experian

-20-

entered into a written subscriber agreement in which Experian agreed to, among other things, provide "consumer reports" (as defined under the FCRA) to United for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

100.    Based on information and belief, on or around December 7, 2010, United requested, obtained and used plaintiff's consumer report from Experian and Experian provided (by computer or otherwise) plaintiff's consumer report to United.

101.    Based on information and belief, United did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore United's request, acquisition and use of plaintiff's consumer report was in violation of the FCRA.

102.    Based on information and belief, Unknown Persons, while acting for and on behalf of United and while performing activities within the scope of their business relationship with United, requested, obtained and used plaintiff's consumer report on or around December 7, 2010.

103.    Based on information and belief, Unknown Persons did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore Unknown Persons' request, receipt and use of plaintiff's consumer report was in violation of the FCRA.

104.    Based on information and belief, Experian violated the FCRA by furnishing plaintiff's consumer report to United and/or Unknown Persons.

105.    Based on information and belief, Experian violated the FCRA by failing to maintain reasonable procedures to limit the furnishing of consumer reports to persons possessing a lawful purpose described under the FCRA.

106.    Based on information and belief, Experian violated the FCRA because it had reasonable grounds for believing that the consumer report requested by, furnished to and used by UCB and/or Unknown Persons would not be used by United and/or Unknown Persons for a lawful purpose described under the FCRA.

## VIII.   Facts Relating to Experian, Equifax, and Trans Union

107.    On May of 2012, Mr. Brewer accessed his credit reports with Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union LLC.

108.    Each credit report noted negative accounts with CACH, LLC Credit Management, LP, DECA Financial Services, LLC, GLA Collection Co., Inc., Horizon Financial Management, LLC, HSBC Bank, First Premier Bank, and Southwest Credit Systems, L.P. but none of these Credit Report Agencies noted that Mr. Reported had disputed the debt.

109.    On or about January 13, 2012, Mr. Brewer filed disputes with Experian, Equifax,

and Trans Union.

110.    The dispute letters all provided in pertinent part:

Dear Sir or Madam:

I am a victim of identity theft. I am writing to request that you block the following fraudulent information from my credit report:

| COMPANY | ACCOUNT NUMBER(S) |
|---|---|
| ZALE/CBNA | 603525100956***** |
| CAP ONE | 51780572***** |
| HSBC BANK | 51559700***** |
| FIRST PREMIER BANK | 543362881805***** /// 517800754037***** |
| SOUTHWEST CREDIT SYSTEM | 3297***** |
| CACH LLC | 12000512***** |
| GOLD KEY CRED | 1008***** |
| (UKNOWN COMPANY) | D119519***** |
| DEPT OF UTILITIES | 404910E9***** |
| UNITED COLLECTIONS BUR INC | 1667***** |
| GLA COLLECTIONS | 819106000831****,408096000699****,521096000725**** 225106000826****,523096000737****,111409600075 4**** 705106000827****,920096000754****,505106000809**** 722106000817**** |

Also, the following companies have made unauthorized inquiries upon my credit file and I am requesting of a block / removal of these entries as well:

| COMPANY | DATE OF INQUIRY |
|---|---|
| ROADLOANS | 11/09/2011 |
| C SCHWAB | 09/14/2011 |
| CONSERVE ACC | 07/08/2011 |
| CONSERVE | 07/06/2011 |
| ING DIRECT | 02/18/2011 |
| ROADLOANS | 12/08/2010 |
| DISCOVER | 09/24/2010 |
| GENERAL REVENUE CO | 05/04/2010 |
| ALLIANCE ONE INC | 01/15/2010 |
| BUDGET CAR | 01/02/2010 |

111.    After his identity was stolen and fraudulent charges and accounts were made and created using Mr. Brewer's identity, Mr. Brewer has suffered actual damages including: increase in automobile insurance premiums, increase in homeowners insurance premiums, denial of home refinancing and/or a loan to purchase a new home, denial of automobile financing, denial of high-yield brokerage and savings account, and denial of credit.

## CAUSES OF ACTION

**I.      Claims Against Experian**

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST EXPERIAN

112.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

113.    Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

114.    Such reports contained information about the account that was false, misleading and inaccurate.

115.    Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Brewer, in violation of 15 U.S.C. § 1681e(b).

116.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damage as set forth herein.

117.    Experian is liable to the plaintiff for the actual damages Mr. Brewer has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST EXPERIAN

118.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

119.    Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

120.    Such reports contained information about the account that was false, misleading and inaccurate.

121.    Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

122.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

123.    Experian is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST EXPERIAN

124.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

125.    Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

126.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

127.    Experian is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EXPERIAN

128.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

129.    Experian willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to Mr. Brewer or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

130.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

131.    Experian is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees

## II.    Claims Against Equifax

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST EQUIFAX

132.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

-24-

133.    Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

134.    Such reports contained information about the account that was false, misleading and inaccurate.

135.    Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Brewer, in violation of 15 U.S.C. § 1681e(b).

136.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damage as set forth herein.

137.    Equifax is liable to the plaintiff for the actual damages Mr. Brewer has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST EQUIFAX

138.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

139.    Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

140.    Such reports contained information about the account that was false, misleading and inaccurate.

141.    Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

142.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

143.    Equifax is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST EQUIFAX

144.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

145.     Equifax negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

146.     As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

147.     Equifax is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST EQUIFAX

148.     Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

149.     Equifax willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to Mr. Brewer or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

150.     As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

151.     Equifax is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees she may recover therefore pursuant to 15 U.S.C. § 1681n.

## III.   Claims Against Trans Union

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST TRANS UNION

152.     Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

153.     Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

154.     Such reports contained information about the account that was false, misleading and inaccurate.

155.    Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Brewer, in violation of 15 U.S.C. § 1681e(b).

156.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damage as set forth herein.

157.    Trans Union is liable to the plaintiff for the actual damages Mr. Brewer has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST TRANS UNION**

158.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

159.    Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Brewer, as that term is defined in 15 U.S.C. § 1681a(d).

160.    Such reports contained information about the account that was false, misleading and inaccurate.

161.    Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

162.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

163.    Trans Union is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST TRANS UNION**

164.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

165.    Trans Union negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

166.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

167.    Trans Union is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST TRANS UNION

168.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

169.    Trans Union willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to Mr. Brewer or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

170.    As a direct and proximate result of such conduct, Mr. Brewer suffered actual damages as set forth herein.

171.    Trans Union is liable to Mr. Brewer for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees she may recover therefore pursuant to 15 U.S.C. § 1681n.

## IV.    Claims Against CACH, LLC

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CACH, LLC

172.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

173.    CACH knew or should have known that Mr. Brewer disputed the validity of the alleged debt it was trying to collect from him.

174.    Nonetheless, CACH failed to communicate this information to any of the three major credit reporting agencies.

175.    CACH's failure to communicate that the alleged debt was disputed violates 15 U.S.C. § 1692e(8), which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed constitute violations of the FDCPA."

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST CACH, LLC**

176.    Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

177.    Mr. Brewer in no uncertain terms made clear to CACH that he disputed the debt that CACH claimed that he owed.

178.    None of Mr. Brewer's May 2012 credit reports obtained from Experian, Equifax, and Trans Union note that Mr. Brewer disputes the alleged debt to CACH.

179.    CACH has a duty under 15 U.S.C. § 1681s-2(a)(3) to provide notice to credit reporting agencies that Mr. Brewer disputes the debt alleged by CACH.

180.    That none of Mr. Brewer's May 2012 credit reports note that he disputes the debt alleged by CACH implies that CACH has willfully breached its statutory duties to report that Mr. Brewer disputes the debt alleged by CACH.

181.    CACH is liable to Mr. Brewer for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**V.    Claims Against Credit Management, LP**

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST CREDIT MANAGEMENT, LP**

182.    Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

183.    Credit Management knew or should have known that Mr. Brewer disputed the validity of the alleged debt it was trying to collect from him.

184.    Nonetheless, Credit Management failed to communicate this information to any of the three major credit reporting agencies.

185.    Credit Management's failure to communicate that the alleged debt was disputed violates 15 U.S.C. § 1692e(8), which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed constitute violations of the FDCPA."

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST CREDIT MANAGEMENT, LP

186.     Mr. Brewer in no uncertain terms made clear to Credit Management that he disputed the debt that Credit Management claimed that he owed.

187.     None of Mr. Brewer's May 2012 credit reports obtained from Experian, Equifax, and Trans Union note that Mr. Brewer disputes the alleged debt to Credit Management.

188.     Credit Management has a duty under 15 U.S.C. § 1681s-2(a)(3) to provide notice to credit reporting agencies that Mr. Brewer disputes the debt alleged by Credit Management.

189.     That none of Mr. Brewer's May 2012 credit reports note that he disputes the debt alleged by Credit Management implies that Credit Management has willfully breached its statutory duties to report that Mr. Brewer disputes the debt alleged by Credit Management.

190.     Credit Management is liable to Mr. Brewer for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## VI.     Claims Against GLA Collection Co., Inc.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST GLA COLLECTION CO., INC.

191.     Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

192.     GLA knew or should have known that Mr. Brewer disputed the validity of the alleged debt it was trying to collect from him.

193.     Nonetheless, GLA failed to communicate this information to any of the three major credit reporting agencies.

194.     GLA's failure to communicate that the alleged debt was disputed violates 15 U.S.C. § 1692e(8), which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed constitute violations of the FDCPA."

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST GLA COLLECTION CO., INC.

195.     Mr. Brewer in no uncertain terms made clear to GLA that he disputed the debt that GLA claimed that he owed.

196.    None of Mr. Brewer's May 2012 credit reports obtained from Experian, Equifax, and Trans Union note that Mr. Brewer disputes the alleged debt to GLA.

197.    GLA has a duty under 15 U.S.C. § 1681s-2(a)(3) to provide notice to credit reporting agencies that Mr. Brewer disputes the debt alleged by GLA.

198.    That none of Mr. Brewer's May 2012 credit reports note that he disputes the debt alleged by GLA implies that Credit Management has willfully breached its statutory duties to report that Mr. Brewer disputes the debt alleged by GLA.

199.    GLA is liable to Mr. Brewer for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## VIII.   Claims Against Horizon Financial Management, LLC

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST HORIZON FINANCIAL MANAGEMENT, LLC

200.     Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

201.    Horizon knew or should have known that Mr. Brewer disputed the validity of the alleged debt it was trying to collect from him.

202.    Nonetheless, Horizon failed to communicate this information to any of the three major credit reporting agencies.

203.    Horizon's failure to communicate that the alleged debt was disputed violates 15 U.S.C. § 1692e(8), which prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed constitute violations of the FDCPA."

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST HORIZON FINANCIAL MANAGEMENT, LLC

204.    Mr. Brewer in no uncertain terms made clear to Horizon that he disputed the debt that horizon claimed that he owed.

205.    None of Mr. Brewer's May 2012 credit reports obtained from Experian, Equifax, and Trans Union note that Mr. Brewer disputes the alleged debt to Horizon.

206.    Horizon has a duty under 15 U.S.C. § 1681s-2(a)(3) to provide notice to credit reporting agencies that Mr. Brewer disputes the debt alleged by Horizon.

207.    That none of Mr. Brewer's May 2012 credit reports note that he disputes the debt alleged by Horizon implies that Horizon willfully breached its statutory duties to report that Mr. Brewer disputes the debt alleged by Horizon.

208.    Horizon is liable to Mr. Brewer for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## IX.    Claims Against Capital One Bank, N.A.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST CAPITAL ONE BANK, N.A.

209.     Mr. Brewer repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

210.    Mr. Brewer in no uncertain terms made clear to Capital One that he disputed the debt that horizon claimed that he owed.

211.    None of Mr. Brewer's May 2012 credit reports obtained from Experian, Equifax, and Trans Union note that Mr. Brewer disputes the alleged debt to Capital One.

212.    Capital One has a duty under 15 U.S.C. § 1681s-2(a)(3) to provide notice to credit reporting agencies that Mr. Brewer disputes the debt alleged by Capital One.

213.    That none of Mr. Brewer's May 2012 credit reports note that he disputes the debt alleged by Capital One implies that Capital One willfully breached its statutory duties to report that Mr. Brewer disputes the debt alleged by Capital One.

214.    Horizon is liable to Mr. Brewer for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST CAPITAL ONE BANK, N.A.

215.    Capital One engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" under KRS 367.170 by deducting money from Mr. Brewer's checking account without written agreement or his approval.

216.    Capital One is liable to Mr. Brewer for actual and punitive damages, his costs and reasonable attorney's fees for its violation of the Kentucky Consumer Protection Act. KRS 367.220

X.      **Claims Against United Recovery Systems, L.P., General Revenue Corporation,  and Experian Information Solutions, Inc.**

217.      Mr. Brewer repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

218.      United and General violated 15 U.S.C. § 1681o of the FCRA when they negligently requested, obtained and used Mr. Brewer's consumer report was negligent.  As a result of said conduct by United and General, Mr. Brewer has been damaged.

219.      In the alternative, United and General willfully violated 15 U.S.C. § 1681n of the FCRA when it requested, obtained and used Mr. Brewer's consumer report. As a result of said conduct by United, Mr. Brewer has been damaged.

220.      In the alternative, United and General's request for, acquisition of and use of Mr. Brewer's consumer report constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA.  As a result of said conduct by United and General, Mr. Brewer has been damaged.

221.      Unknown Persons' failure to comply with the FCRA when they requested, obtained and used the Mr. Brewer's consumer report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  As a result of said conduct by Unknown Persons, Mr. Brewer has been damaged.

222.      In the alternative, Unknown Persons' failure to comply with the FCRA when they requested, obtained and used Mr. Brewer's consumer report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct by Unknown Persons, Mr. Brewer has been damaged.

223.      In the alternative, Unknown Persons' request for, acquisition of and use of the Mr. Brewer's consumer report constituted the receipt of information on a consumer from a consumer reporting agency under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA.  As a result of said conduct by Unknown Persons, Mr. Brewer has been damaged.

224.      In the alternative, Unknown Persons' request for, acquisition of and use of the Mr. Brewer's consumer report constituted the knowing and willful receipt of information on a consumer from a consumer reporting agency under false pretenses by a natural person, as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct by Unknown Persons, Mr. Brewer has been damaged.

225.      Experian's failure to comply with the FCRA when it furnished the Mr. Brewer's consumer report to United and General, and its failure to otherwise comply with the FCRA was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  As a result of said conduct by Experian, Mr. Brewer has been damaged.

226.    In the alternative, Experian's failure to comply with the FCRA when it furnished the Mr. Brewer's consumer report to United and General, and its failure to otherwise comply with the FCRA was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct by Experian, Mr. Brewer has been damaged.

WHEREFORE, Plaintiff, Steven Brewer, requests that this Court enter judgment in his favor and against Defendants CACH, LLC, Credit Management, LP, GLA Collection Co., Inc., Horizon Financial Management, LLC, Capital One Bank, N.A., United Recovery Systems, LP, General Revenue Corporation, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC, as follows:

a.    award him statutory and actual damages;

b.    award him punitive damages;

c.    order CACH to take all feasible steps to remove any negative information  from Plaintiff's credit reports from Experian, Equifax, and Trans Unions regarding the alleged Citicorp debt;

d.    order Credit Management to take all feasible steps to remove any negative information  from Plaintiff's credit reports from Experian, Equifax, and Trans Unions regarding the alleged Time Warner debt;

e.    order GLA to take all feasible steps to remove any negative information  from Plaintiff's credit reports from Experian, Equifax, and Trans Unions regarding the alleged and various medical debts owed by Mr. Brewer;

f.    find that Experian, Equifax, and Trans Union violated the FCRA;

g.    order Experian, Equifax, and Trans Union to take all feasible steps to remove any negative information  from Plaintiff's credit reports regarding debts reported by CACH, Credit Management, Capital One, DECA Financial Services, LLC, GLA, HSBC Bank Nevada, N.A., Horizon, and Southwest Financial Services, L.P.;

h.    declare and order that United and General's conduct in obtaining his consumer report without a permissible purpose is a violation of the FCRA;

i.    order preliminary and permanent injunctive relief enjoining and restraining United and General from keeping or publishing the illegally obtained consumer report(s), or requesting new reports; directing United and General to return to Plaintiff all copies or abstracts of his consumer report or any information contained therein;

j.    award him reasonable attorney fees, litigation expenses and costs; and

k.    grant such other and further relief as the court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION
ASSERTED HEREIN THAT ARE TRIABLE BY JURY.**

Respectfully submitted,

**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
502-245-9100
Email: ken@kennethhenrylaw.com

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle, Suite 1
Louisville, KY 40223
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyclc.com

-35-